IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OWEN E. "PIP" BRENNAN, JR                                                            PLAINTIFF

VS.                                                                        CIVIL ACTION NO._____

THEODORE M. BRENNAN,
RALPH O. BRENNAN,
H. HUNTER WHITE, III,  BRIDGET
BRENNAN TYRRELL, LEGGO 4/LLC,
BRENNAN'S, INC. and DOES "1-5."                                                      DEFENDANTS

# COMPLAINT

COMES NOW Plaintiff, Owen E. "Pip" Brennan, Jr., and files this his Complaint for civil damages, as follows:

## I. PARTIES

1.  Plaintiff, Owen E. "Pip" Brennan, Jr. ("Pip Brennan") is an adult resident citizen of the State of Mississippi.

Defendant, Theodore M. Brennan ("Ted Brennan") is an adult resident citizen of the State of Louisiana, Parish of Orleans, who may be served with process of this court at:1238 Third Street, New Orleans, LA 70130.

Defendant Ralph O. Brennan ("Ralph Brennan") is an adult resident citizen of the State of Louisiana, who may be served with process of this court at: 550 Bienville Street, New Orleans, LA 70130.

Defendant, H. Hunter White, III ("Terry White") is an adult resident citizen of the State of Florida, who is subject to the jurisdiction of this Court and may be served with process at: 495 Grand Boulevard, Suite 206, Miramar Beach, Florida 32550.

Defendant, Bridget Brennan Tyrrell ("Bridget Tyrrell") is an adult resident citizen of the State of Louisiana, Parish of Orleans, who may be served with process of this court at: 1431 Joseph Street, New Orleans, LA 70115.

Defendant, LEGGO 4/LLC ("LEGGO") is a limited liability company organized under the State of Louisiana, and having it's principle place of business in that State.  LEGGO 4/LLC may be served with process through it's agent for service of process: Jean-Paul Layrisson, 607 St. Charles Avenue, New Orleans, Louisiana 70130.

Defendant, BRENNAN'S, INC. is a corporation organized under the laws of the State of Louisiana, and having it's principle place of business in that State.   BRENNAN'S, INC may be served with process through it's agent for service of process: Shannon Brennan,   .

Defendants, Does "1 - 5" are individuals and/or entities who's current identities are unknown.  Does "1 - 5" will be substituted as real parties in interest as soon as their identifies are able to be determined.

## II. VENUE AND JURISDICTION

2.	Venue is proper in this District under 28 U.S.C. § 1391(a).  Defendants reside in this District and/or a substantial part of the events giving rise to this action occurred in this District, and the property that is the subject of this action is situated in this District.   Jurisdiction is proper under 28 U.S.C. § 1332.  There is complete diversity among the parties and the amount in controversy exceeds $75,000.00.

## III. FACTS

3. Pip Brennan is a creditor of BRENNAN'S INC. pursuant to a Settlement Agreement and Release dated December 23, 2010. ("Settlement Agreement"). Pursuant to the Settlement Agreement, BRENNAN'S INC. agreed to pay $2,000,000.00 to redeem Pip Brennan's stock in monthly installments of $20,000.00, with the first payment due on February 28, 2011. BRENNAN'S INC. also agreed that as soon as the last monthly installment on the previously mentioned $2,000,000.000 is completed, BRENNAN'S INC. would continue to pay Pip Brennan monthly installment payments of a minimum of $20,000.00 per month until another $1,000,000.00 without interest is paid. In addition, BRENNAN'S INC. agreed to maintain various insurance policies and to pay Pip Brennan $6,000.00 per month, payable on the 28th day of each month beginning in February of 2011, in lieu of purchasing additional life insurance for Pip. BRENNAN'S INC. also agreed to pay Pip Brennan the sum of $35,000.00, broken into 24 equal monthly installments, payable on the 28th day of each month beginning in July 2011.

4. While BRENNAN'S INC. has paid a portion of the amount due under the Settlement Agreement, the exact amount paid is in dispute. All amounts due under the Settlement Agreement have not been paid. The amounts due under the Settlement Agreement have been accelerated, and the value of all future payments owed under the Settlement Agreement is now due. Pip Brennan will prove the exact amount of the indebtedness due after appropriate discovery.

5. The primary asset of BRENNAN'S INC. was it's building located at 417 Royal Street, New Orleans, Louisiana. On May 23, 2013, the Royal Street property was sold at foreclosure. Prior to and at the time of foreclosure, BRENNAN'S, INC. was under the control of

Ted Brennan and Bridget Tyrrell as acting officers and directors.  Ted Brennan and Bridget Tyrrell made no effort to stop the May 23, 2013 foreclosure sale of the Royal Street Property.  Upon information and belief, prior to the foreclosure, Ted Brennan and Bridget Tyrrell agreed to cooperate and/or worked with the assistance of Ralph Brennan, Terry White, LEGGO 4/LLC, and Does 1-5, to assure that the foreclosure would take place as scheduled on May 23, 2013.

6.  In December of 2012, BRENNAN'S INC.'s  litigation counsel in the foreclosure proceeding withdrew as counsel of record.  Ted Brennan and Bridget Tyrrell made no effort to replace BRENNAN'S INC.'s counsel.  On May 23, 2013 when the Royal Street property was sold at foreclosure, BRENNAN'S INC. was unrepresented.

7.  On May 22, 2013 prior to the foreclosure sale, Pip Brennan attempted to arrest the foreclosure through a preliminary injunction.  A preliminary injunction was granted.  However, a bond was required to be posted in the amount of $150,000.00.  Pip Brennan made demand on Ted Brennan and Bridget Tyrrell to act on behalf of BRENNAN'S INC., and assist in posting the required bond to stop the foreclosure proceeding.  Ted Brennan and Bridget Brennan refused individually and on behalf of BRENNAN'S INC..

8.  Upon information and belief, shortly before and at the time of the foreclosure, Ralph Brennan, Terry White, members of LEGGO, and/or Does "1-5"were in communication with Ted Brennan and Bridget Tyrrell for the purpose of formulating a plan wherein Ted Brennan and Bridget Tyrrell would not resist foreclosure of the 417 Royal Street property.   These acts and failures to act resulted in Ralph Brennan, Terry White, LEGGO, and/or Does "1-5" obtaining ownership of the Royal Street Property.

9. Ted Brennan was a personal guarantor on the three notes involved in foreclosure proceeding. Therefore, it was to Ted Brennan's personal benefit to allow the foreclosure to go through without opposition.

10. On the day of the foreclosure, Bridget Tyrrell made a call to a member of Pip Brennan's family chastising them for attempting to stop the foreclosure proceeding. Bridget Tyrrell announced that it was the plan of Ted Brennan, Bridget Tyrrell and third parties to allow the foreclosure proceeding to go through.

11. The acts and/or failures to act of all Defendants resulted in the foreclosure sale of the Royal Street property. The sale at foreclosure of the Royal Street property caused and/or increased BRENNAN'S, INC.'s insolvency as defined by the Louisiana Business Corporation's law. These acts and/or failures to act have given Ralph Brennan, Terry White, LEGGO, and/or Does "1-5" the ability to further increase BRENNAN"S INC.'S insolvency. On June 19, 2013, Ralph Brennan, Terry White, LEGGO, and/or Does "1-5" caused a notice of eviction to be served on BRENNAN"S INC. demanding that it cease operations and vacate the 417 Royal Street building.

## IV. FIRST CAUSE OF ACTION

12. Pip Brennan incorporates by reference the above allegations of his Complaint.

13. BRENNAN'S, INC. is insolvent. The actions and/or failures to act by Defendants caused or increased BRENNAN'S, INC. insolvency.

14. In accordance with L.C.C. Art. 2036, *et seq*., Pip Brennan is entitled to a judgment against Defendants in an amount equal to the value of the 417 Royal Street building at the time it

was sold at foreclosure and/or return of the 417 Royal Street Building to the corporate assets of BRENNAN'S, INC.

## V. SECOND CAUSE OF ACTION

15. Pip Brennan incorporates by reference the above allegations of his Complaint.

16. BRENNAN'S, INC.'s insolvency was caused and/or increased by the acts and/or failures to act of Defendants, namely, by allowing the 417 Royal Street property be sold at foreclosure without objection. Therefore, Pip Brennan is entitled to exercise his right under L.C.C. Art. 2044 to reclaim the 417 Royal Street property which was lost in a foreclosure sale that was defective as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Owen E. "Pip" Brennan, Jr., respectfully prays that after due proceedings are had, there be judgment entered herein in his favor against Defendants, Theodore M. Brennan, Ralph O. Brennan, H. Hunter White, III, Bridget, Brennan Tyrrell, LEGGO 4/LLC, Brennan's, Inc. and Does "1-5" in an amount to which Pip Brennan is entitled by law, and recognizing and enforcing Pip Brennan's rights as described above. Pip Brennan also further prays for prejudgment interest, post-judgment interest, attorneys' fees, costs, and all other legal and equitable relief to which he would be entitled.

Respectfully submitted,

_____
PAUL E. MAYEAUX, (La. Bar # 21750)
MANARD & MAYEAUX
1100 Poydras Street, Suite 2610
New Orleans, LA 70163
(504) 585-7777 - phone
(504) 585-7715 - fax
pmayeaux@cox.net
*Counsel for Plaintiff,*
 *Owen E. "Pip" Brennan, Jr.*

**PLEASE PREPARE SUMMONS AND CITATIONS FOR:**


Theodore M. Brennan
1238 Third Street
New Orleans, LA 70130


Ralph O. Brennan
550 Bienville Street
New Orleans, LA 70130


H. Hunter White, III
495 Grand Boulevard, Suite 206
Miramar Beach, Florida 32550


Bridget Brennan Tyrrell
1431 Joseph Street
New Orleans, LA 70115


LEGGO 4/LLC
Agent: Jean-Paul Layrisson
607 St. Charles Avenue
New Orleans, LA 70130


BRENNAN'S, INC.
Agent: Shannon Brennan Mayeaux
12441 East Sheraton Avenue
Baton Rouge, LA 70815