## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

OWEN E. "PIP" BRENNAN, JR.,              CIVIL ACTION
     Plaintiff

VERSUS                                  No. 13-4865

THEODORE BRENNAN, et al.,           SECTION "E"
     Defendants

### ORDER AND REASONS

Before the Court is a Motion for Order Substituting Proper Party and Enrolling Counsel filed by Ronald J. Hof (the "Trustee") in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Brennan's, Inc.[1] Plaintiff, Owen E. "Pip" Brennan ("Pip Brennan") opposes the Trustee's motion.[2] Defendants, Theodore M. Brennan ("Ted Brennan") and Bridget Brennan Terrell ("Bridget Terrell") have no opposition to the Trustee's motion to the extent he seeks to be substituted with respect to the revocatory and oblique actions.[3] The Trustee filed a reply memorandum to the opposition filed by Pip Brennan.[4]

### BACKGROUND

This suit arises out of the seizure and sale of the property at 417-425 Royal Street (the "417 Royal Street Property")[5] formerly owned by Brennan's, Inc. LEGGO/4, the holder of three notes secured by a Multiple Indebtedness Mortgage covering the 417 Royal Street

---

[1] R. Doc. 33.

[2] R. Doc. 36.

[3] R. Doc. 37.

[4] R. Doc. 45.

[5] Pip Brennan refers to the property as both the "Royal Street building" and the "Royal Street property." With respect to this motion, there is no difference between the "Royal Street building" and the "Royal Street property," and the Court uses "417 Royal Street Property" to refer to the property at issue.

Property, instituted foreclosure proceedings against Brennan's, Inc. via executory process before the Civil District Court for the Parish of Orleans.[6] Pip Brennan is a creditor of Brennan's, Inc. pursuant to a December 23, 2010 Settlement Agreement and Release and he holds a security interest in stock he sold to Brennan's, Inc.[7]

Pip Brennan filed suit against Theodore M. Brennan, Ralph O. Brennan, H. Hunter "Terry" White, Bridget Brennan Tyrell, LEGGO 4/, LLC, Brennan's, Inc. and DOES "1-5"[8] alleging the "acts and/or failures to act of all Defendants resulted in the foreclosure" of the 417 Royal Street Property, and the judicial sale of the property "caused and/or increased Brennan's, Inc.'s insolvency."[9]   Under Louisiana Civil Code article 2036, *et seq.*, Pip Brennan seeks a judgment against all defendants "in an amount equal to the value of the 417 Royal Street building at the time it was sold at foreclosure, and/or the return of the 417 Royal Street building to the corporate assets of Brennan's, Inc."[10] Pip Brennan also asks to reclaim the 417 Royal Street Property under Civil Code article 2044 because the foreclosure sale was "defective as a matter of law."[11]

An involuntary Chapter 7 bankruptcy petition was filed against Brennan's, Inc. in the United States Bankruptcy Court for the Eastern District of Louisiana on October 28, 2013,

---

[6]Defendants Ralph Brennan and H. Hunter "Terry" White, III are members of LEGGO4/LLC. *See* R. Doc. 6.

[7]R. Doc. 6, p. 3.

[8]Pip Brennan alleges defendants DOES "1-5" are "individuals and/or entities whose current identities are unknown. DOES '1-5' will be substituted as real parties in interest as soon as their identities are able to be determined."

[9]R. Doc. 6, p. 5.

[10]R. Doc. 6, p. 5.

[11]R. Doc. 6, p. 6

and an Order for Relief Under Chapter 7 was entered by the Bankruptcy Court on December 5, 2013.[12] On January 23, 2014, Ronald J. Hof was appointed as the permanent Chapter 7 Trustee for the bankruptcy estate of Brennan's, Inc.

## LAW AND ANALYSIS

The Trustee moves to substitute himself for Pip Brennan as the plaintiff in this matter pursuant to Section 554(b) of the Bankruptcy Code (11 U.S.C. § 544(b)).[13] Known as the "strong-arm" provision, Section 544(b) allows the trustee to "succeed to the actual, allowable and unsecured claims of the estate's creditors." *In re Moore*, 608 F.3d 253, 260 (5th Cir. 2010)(citing 11 U.S.C. § 544(b)). "If an actual, unsecured creditor can, on the date of the bankruptcy, reach property that the debtor has transferred to a third party, the trustee may use [Section 544(b)] to step into the shoes of that creditor and 'avoid' the debtor's transfer." *Id*. Once a bankruptcy is underway, only the trustee, and not individual unsecured creditors, may assert these avoidance claims. *Id*. "The policy concern evident in Section 544(b) is the need to channel avoidance actions through the trustee, who acts as a gatekeeper and prevents independent avoidance actions by creditors that might prejudice the estate and rival creditors." *Official Comm. of Unsecured Creditors of Cybergenics v. Chinery*, 330 F.3d 548, 568-69 (3d Cir. 2003).

Pip Brennan's claims against the defendants are (1) a revocatory action under Louisiana Civil Code article 2036 and (2) an oblique action under Louisiana Civil Code

---

[12] *See* R. Doc. 27 in 13-bk-12985.

[13] Section 544(b) provides in part: "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowalbe under section 502 of this title or that is not allowable only under section 502(e) of this title." 11 U.S.C. § 544(b)(1).

article 2044.[14] Both of these causes of action essentially allow an obligee, such as Pip Brennan, to state a claim directly against a third party who is indebted to the obligor due to any act or failure to act on behalf of the obligor that caused or increased the obligor's insolvency. *See* La. Civ. Code art. 2044; La. Civ. Code art. 2036. The Fifth Circuit has determined that these are exactly the type of state law "avoidance" claims that fall within the trustee's Section 544(b) powers. *See Traina v. Whitney Nat'l Bank*, 109 F.3d 244, 245 (5th Cir. 2007). Thus, under federal bankruptcy law, the Trustee may substitute himself for Pip Brennan in order to pursue the revocatory and oblique actions against the defendants.

Pip Brennan asserts the application of Section 544(b) is inappropriate because he is a secured creditor with respect to stock he sold to Brennan's, Inc. Pip Brennan is correct in pointing out that Section 544(b) only allows the Trustee to step into the shoes of an unsecured creditor. However, Pip Brennan is not a secured creditor with respect to the 417 Royal Street Property. Instead, he only has a security interest in stock he sold to Brennan's, Inc. Moreover, the Trustee has established that there is at least one "triggering" unsecured creditor of Brennan's, Inc. in the bankruptcy proceeding. *See U.S. Bank Nat'l Ass'n. v. Verizon Commc'n, Inc.*, 479 B.R. 405, 410 (N.D. Texas 2012)(As long as a triggering creditor exists, the bankruptcy trustee can step into the shoes of that creditor to assert an avoidance claim). Allowing the Trustee to substitute himself for Pip Brennan will further the goal of Section 544(b), which is to allow the Trustee to "avoid fraudulent transfers, thus maximizing the value of the estate and allowing creditors to recover their claims from that

---

[14]Brennan's Inc. is required to be named as a nominal defendant under Louisiana Civil Code article 2044. *See* La. Civ. Code art. 2044: "If an obligor causes or increases his insolvency by failing to exercise a right, the obligee may exercise it himself, unless the right is strictly personal to the obligor. For that purpose, the obligee must join in the suit his obligor and the third person against whom that right is asserted."

estate." *Chinery*, 330 F.3d at 568.

Pip Brennan's suggestion that substitution would be improper because the Trustee has already been substituted for Brennan's, Inc. as a defendant in this matter is not persuasive.[15] Although Brennan's, Inc. is listed as a defendant, its presence as a defendant is required by the Civil Code only in a nominal capacity. *See* La. Civ. Code art. 2044.  In reality, the claim is pursued against the other defendants on behalf of Brennan's, Inc. and its creditors. As a result, there is no confusion under Civil Code article 1903 because the Trustee is appearing as a plaintiff on behalf of unsecured creditors and as a defendant on behalf of the bankruptcy estate.[16]

## CONCLUSION

The Trustee may substitute himself for Pip Brennan in this matter pursuant to Section 544(b) of the Bankruptcy Code. Accordingly, **IT IS ORDERED** that the Motion for Order Substituting Proper Party and Enrolling Counsel filed by the Trustee be and hereby is **GRANTED** and the Trustee is substituted as Plaintiff.

**IT IS FURTHER ORDERED** that the firm of Stewart, Robbins & Brown, LLC is granted leave to enroll as counsel of record for the Trustee in this matter.

There are two motions to dismiss Pip Brennan's claims pending.[17] Because the bases for the motions are the same regardless of whether Pip Brennan or the Trustee is the plaintiff in this action, **IT IS ORDERED** that the Trustee may file oppositions to the motions to dismiss by **July 25, 2014.** Defendants may file a reply memorandum by **August 1, 2014.**

---

[15]R. Doc. 29.

[16]Civil Code article 1903 provides: "When the qualities of obligee and obligor are united in the same person, the obligation is extinguished by confusion."

[17]R. Doc. 12; R. Doc. 23.

**New Orleans, Louisiana, this 11th day of July, 2014.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**